THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JEREMY WILFORD MCCLOY,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR COMPASSIONATE RELEASE**<br><br>Case No. 1:17-cr-00083-DN<br><br>District Judge David Nuffer |

Defendant seeks a reduction of his sentence or compassionate release arguing that he suffers from a terminal medical condition and is receiving inadequate medical care in prison ("Motion").[1] The government and the United States Probation Office do not oppose Defendant's Motion.[2]

Because Defendant's medical conditions constitute extraordinary and compelling reasons to warrant a reduced sentence and compassionate release, his Motion[3] is GRANTED.

## DISCUSSION

### Defendant's Motion is procedurally proper

"The First Step Act . . . modified 18 U.S.C. § 3582(c) to allow a defendant federal prisoner to file [a] motion [for compassionate release or a sentence modification] with the court

---

[1] Motion to Reduce Sentence Under 3582(c)(1) with Terminal Medical Conditions and Extraordinary and Compelling Circumstances ("Motion") at 3-8, docket no. 61, filed under seal Feb. 16, 2024.

[2] United States' Response to Defendant's Motion to Reduce Sentence, docket no. 70, filed Mar. 21, 2024; First Step Act Relief Recommendation, docket no. 69-5, filed under seal Mar. 13, 2024.

[3] Docket no. 61, filed under seal Feb. 16, 2024.

him or herself."[4] However, to file such a motion, a defendant must have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons [("BOP")] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."[5]

On October 7, 2023, Defendant submitted a request for relief under the First Step Act to the warden at FCI Butner I (where Defendant is incarcerated).[6] The request was denied on December 29, 2023.[7] Defendant subsequently filed his Motion of February 16, 2023. Under these circumstances, Defendant's Motion is procedurally proper, and its merits may be addressed.

## Defendant is entitled to compassionate release

Under the plain language of 18 U.S.C. § 3582(c)(1)(A)(i), a motion for compassionate release may be granted only if three requirements are met: (1) extraordinary and compelling reasons warrant relief; (2) relief is consistent with applicable policy statements issued by the United States Sentencing Commission ("USSC"); and (3) the district court considers the factors set for in 18 U.S.C.§ 3553(a), to the extent that they are applicable.[8]

**Defendant's medical conditions constitute extraordinary and compelling reasons to warrant compassionate release**

District courts "possess the authority to determine for themselves what constitutes 'extraordinary and compelling reasons,'" to warrant compassionate release.[9] However, this

---

[4] *United States v. Williams*, No. 2:17-cr-00417-DAK, 2020 WL 806026, *1 (D. Utah Feb. 18, 2020) (citing 18 U.S.C. § 3582(c)(1)(A); *United States v. Willis*, 382 F. Supp. 3d 1185, 1187 (D. N.M. 2019)).

[5] 18 U.S.C. § 3582(c)(1)(A).

[6] Request to Staff, docket no. 61-1, filed under seal Feb. 16, 2024.

[7] Letter Re: Reduction in Sentence, docket no. 61-1, filed under seal Feb. 16, 2024.

[8] *United States v. Maumau*, 993 F.3d 821, 831 (10th Cir. 2021).

[9] *Id*. at 832.

2

discretion is "bounded by the requirement . . . that a reduction in sentence be consistent with applicable policy statements issued by the [USSC]."[10] The USSC's applicable policy statement defines "extraordinary and compelling reasons" regarding a defendant's medical circumstances to include:

> The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end-of-life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.[11]

Defendant is 52 years old, and he suffers from numerous chronic medical conditions, including: Hepatitis C with hepatocellular cancer; esophageal varices; varicose veins-abdomen; cirrhosis of the liver; anomalies of the foot; thrombocytopenia; encephalopathy; osteoarthritis; and contracture of the ankle joint.[12] Defendant's liver disease is a terminal illness. And Defendant's medical conditions have required him to be sent to the emergency room on multiple occasions for altered mental status due to his liver not functioning properly (hepatic encephalopathy).[13] Defendant is currently receiving medications for pain management.[14]

Defendant's medical conditions were known at the time of his sentencing. However, the USSC's applicable policy statement provides that "an extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant a reduction in the term of imprisonment."[15] "Therefore, the fact that an extraordinary and compelling reason reasonably

---

[10] *Id*.

[11] U.S.S.G. 1B1.13(b)(1)(A) (effective Nov. 1, 2023).

[12] First Step Act Relief Eligibility Report ("Report") at 2, 5, docket no. 69, filed under seal Mar. 13, 2024.

[13] *Id*. at 5.

[14] *Id*. at 4-8.

[15] U.S.S.G. 1B1.13(e) (effective Nov. 1, 2023).

could have been known or anticipated by the sentencing court does not preclude consideration for a reduction under th[e] policy statement."[16]

On this record, considering the totality of Defendant's medical circumstances, which include a terminal illness, extraordinary and compelling reasons warrant Defendant receiving compassionate release. And such relief is consistent with the USSC's applicable policy statement.

**The relevant factor of 18 U.S.C. § 3553(a) do not preclude compassionate release**

The relevant factors of 18 U.S.C. § 3553(a) do not preclude granting Defendant compassionate release. Defendant was convicted of one count of Possession of Methamphetamine with Intent to Distribute.[17] The offense conduct involved Defendant's possession of 1090.75 grams of actual methamphetamine on November 22, 2017.[18] Defendant was also charged in a separate indictment with one count of Possession of Methamphetamine with Intent to Distribute for his possession of 42.35 grams of actual methamphetamine on September 29, 2017.[19] Defendant had numerous prior convictions, including: possession and attempted possession of controlled substances; absconding and attempted absconding; theft by receiving stolen property and theft of mail; and purchase or possession of a dangerous weapon and attempted purchase or possession of a dangerous weapon.[20]

Defendant's offense level was 31 and his criminal history category was VI, which gave Defendant a guideline range of imprisonment of 188 to 235 months.[21] The charge also carried a

---

[16] *Id*.

[17] Judgment in a Criminal Case at 1, docket no. 53, filed July 5, 2018.

[18] Presentence Investigation Report ("PSR") ¶¶ 3-10 at 4-5, docket no. 52, filed under seal July 5, 2018.

[19] Indictment, docket no. 1 in No. 1:17-cr-00070-DN (D. Utah), filed Oct. 11, 2017.

[20] PSR ¶¶ 29-44 at 7-14.

[21] *Id*. ¶ 80 at 20.

10-year minimum mandatory sentence.[22] As part of a plea agreement, Defendant was sentenced to a 120-month term of incarceration.[23] He was also sentenced to a 60-month term of supervised release.[24]

As of March 11, 2024, Defendant has served 75 months and 21 days of his 120-month term of imprisonment.[25] He has had no disciplinary actions while in custody, and has completed non-residential drug treatment and numerous educational classes.[26] Defendant has a projected release date of May 29, 2025, and he is eligible for home detention on November 29, 2024.[27]

In considering and balancing the relevant factors of 18 U.S.C. § 3553(a), the seriousness of the offense and the appropriateness of Defendant's original sentence are tempered by Defendant being approximately one year away from his expected release date, and approximately six months away from being eligible for home detention. Defendant's history and the need to protect the public from further crimes are also tempered by Defendant's serious medical conditions, and that he has completed drug treatment and productively used his time while in custody to expand his education. Additionally, upon release prison, Defendant will remain on supervised release for 60 months. Supervised release will provide means to ensure Defendant is sincere in his assertions about moving away from negative behaviors, and will give options to address Defendant's actions (including further incarceration) if necessary. Therefore, the relevant factors of 18 U.S.C. § 3553(a) do not preclude granting Defendant compassionate release.

---

[22] *Id*. ¶¶ 78-79 at 20.

[23] Judgment at 2.

[24] *Id*. at 3.

[25] Report at 3.

[26] *Id*. at 5-6.

[27] *Id*. at 3.

**Defendant's release plan is suitable for reentry and supervision**

Defendant's proposed release plan is to live with his sister in South Ogden, Utah.[28] He also plans to work with a family friend as a dog groomer at a pet boutique to supplement his income.[29] The United States Probation Office has confirmed that Defendant's sister is amenable to supervised release conditions and to having Defendant stay with her.[30] The Probation Office has also conducted a home inspection of the proposed residence, and determined that the residence is suitable for reentry and supervision purposes.[31] Therefore, Defendant's release plan is appropriate.

**Defendant is entitled to compassionate release**

Defendant's medical circumstances constitute extraordinary and compelling reasons to warrant compassionate release.[32] This relief is consistent with the USSC's applicable policy statement.[33] The relevant factors of 18 U.S.C. § 3553(a) also do not preclude granting Defendant compassionate release.[34] And Defendant's release plan is appropriate and suitable for reentry and supervision purposes.[35] Therefore, Defendant is entitled to compassionate release.

---

[28] Home Plan, docket no. 61-1, filed under seal Feb. 16, 2024.

[29] *Id*.

[30] Recommendation at 1

[31] *Id*.

[32] *Supra*, Discussion at 2-4.

[33] *Id*.

[34] *Id*. at 4-5.

[35] *Id*. at 6.

## ORDER

IT IS HEREBY ORDERED that Defendant's Motion[36] is GRANTED. Defendant's term of incarceration is reduced to time served effective April 19, 2024 (the time from entry of this Order to its effective date is to allow the BOP time to purchase and arrange for Defendant's transportation to Utah). Defendant's 60-month term of supervised release shall begin April 19, 2024.

Signed April 5, 2024.

BY THE COURT

David Nuffer
United States District Judge

---

[36] Docket no. 61, filed under seal Feb. 16, 2024.